SUMMARY ORDER
Plaintiff-appellant Patricia J. Curto appeals pro se from a February 12, 2007 judgment dismissing her complaint against New York State Supreme Court Justice Donna M. Siwek, and an August 20, 2007, 2007 WL 2403718, order denying her motion to vacate or modify the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues on appeal.
Construing Curto’s pro se submissions liberally, as we must, see Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir.2006), we conclude that her complaint fails to state a claim upon which relief can be granted. Curto has failed to allege any fact that supports her claims that, in presiding over a previous court action, Justice Siwek “acted unconstitutionally and/or outside of her authority/jurisdiction and/or engaged in egregious discrimination against plaintiff.” App. 11. Curto does not allege that Justice Siwek was without subject matter jurisdiction to hear the lawsuit from which the instant claim arose. Therefore, Curto’s allegation that Justice Siwek “ ‘amended’ New York State law(s) and further stated that the amendment(s) only applied to plaintiff[ ],” id. at 12, is simply not sufficient to make even remotely plausible the allegation that Justice Siwek is not entitled to judicial immunity from her rulings in that previous lawsuit. See Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir.2007) (“[A] pleader [must] amplify a claim with some factual *64 allegations in those contexts where such amplification is needed to render the claim plausible.”)- In fact, such wild allegations detract from, rather than enhance, the plausibility of Curto’s claims. For these reasons, we agree with the District Court’s decision to dismiss Curto’s complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (“[When a plaintiff proceeds in forma pauperis,] the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim on which relief may be granted....”).
In light of the patent frivolousness of Curto’s claims, we also perceive no abuse of discretion in the decision of the District Court to deny Curto’s Rule 60(b) motion.
Accordingly, we AFFIRM the judgment and order of the District Court.